UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JEFFERY WARREN WALKER,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-146-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jeffery Warren Walker's Unopposed Motion to Continue Trial and Related Dates and Motion Deadline [Doc. 14], which he filed on November 17, 2026.

In the motion, Defendant Walker asks the Court to continue the trial dates set for December 29, 2026, the plea deadline set for November 30, 2026, and the motion deadline set for November 17, 2026 [*Id.* at 1]. In support of his motion, Defendant states despite reasonable diligence to prepare the case, Defendant's counsel expects significant supplemental discovery to be produced, including phone data [*Id.* ¶ 1]. Given the significant amount of data, Defendant's counsel requests a sixty-day continuance of the motion deadline to allow him to review the information and to meet and discuss the discovery with his client [*Id.*]. Defendant states that a continuance will allow the parties the opportunity to resolve the case and "will serve the ends of justice" [*Id.* ¶ 2]. Defendant is aware and understands that the time between the continuance and the trial will be excluded for the purposes of the speedy trial calculus [*Id.* ¶ 3]. The Government has no objection to the requested continuance [*Id.* ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). As represented in the motion, Defendant's counsel needs time to receive and review supplemental discovery and meet with his client to discuss it and consider pretrial motions and prepare for trial. The Court finds that all of this cannot occur before the December 29, 2026, trial date.

The Court therefore **GRANTS** Defendant Jeffery Warren Walker's Unopposed Motion to Continue Trial and Related Dates and Motion Deadline [**Doc. 14**]. The trial of this case is reset to **April 20, 2027**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on November 17, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jeffery Warren Walker's Unopposed Motion to Continue Trial and Related Dates and Motion Deadline [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 20, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 17, 2026**, and the new trial date of **April 20, 2027,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **January 15, 2027**, and responses to pretrial motions are due on or before **January 29, 2027**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 19, 2027**;

(6) the deadline for filing motions *in limine* is **April 5, 2027**, and responses to motions *in limine* are due on or before **April 13, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 6, 2027, at 1:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 9, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge



Case 3:26-cr-00146-KAC-JEM Document 15 Filed 11/23/26 Page 3 of 3 PageID #: 39